**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN JUAN DE LA CRUZ MARTINEZ, | ) | |
| | ) | No. 23-cv-435 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Robert J. Colville |
| | ) | |
| JUDGE CHRISTOPHER FELICIANI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is a Motion to Dismiss (ECF No. 7) filed by Defendant Judge Christopher Feliciani in this matter. Judge Feliciani moves to dismiss the claims set forth against him in the Complaint (ECF No. 5) filed by Plaintiff in the above-captioned action. This case represents one of thirteen cases filed by Plaintiff that are currently pending before the undersigned. Several of those cases, including this one, arise out of or involve Plaintiff's attempts to protest against "bullying" on or near Derry Area School District (the "District") property on November 7, 2019 and a subsequent criminal case that resulted from Plaintiff's conduct on that date. Plaintiff is proceeding in forma pauperis in this matter pursuant to an Order (ECF No. 4) entered by now-

retired Magistrate Judge Lisa Pupo Lenihan, to whom this case was originally assigned.[1] The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331.

## I. Background

Initially, the Court notes that Plaintiff has asserted at various points that Judge Feliciani's Motion to Dismiss was not properly served upon him. He also previously requested an extension of time to acquire and respond to the Motion. The Court notes that the certificate of service attached to the Motion to Dismiss indicates that Plaintiff was properly served at the address of record listed in his Complaint. *See* Fed. R. Civ. P. 5(b)(2)(C) (written motion can be served by "mailing it to the person's last known address--in which event service is complete upon mailing[.]"). While Plaintiff subsequently updated his address *following* the filing of the Motion to Dismiss, and any future service must be made at the updated address, the initial service was proper and complete upon mailing.

In any event, Judge Lenihan mailed a copy of the Motion to Dismiss and Brief in Support (ECF No. 8) to Plaintiff's current address on June 16, 2023, and provided Plaintiff an extension to July 31, 2023 to file a Response. *See* July 6, 2023 Order ("The Court, on 6/16/23, when the mail it had sent to Plaintiff was returned as undeliverable, sua sponte noted that the other cases filed by Plaintiff in this district had the address of 502 N 12th Ave., Albany, IL 61230, and sent the motion and brief to that address. . . . Plaintiff even attached to this Motion the copies of the Court orders to this effect, thereby acknowledging that he has the Motion and Brief. . . . Plaintiff is granted an extension to July 31, 2023. If no Response is filed, the Motion will be decided without the benefit or a Response."). Despite this Order, Plaintiff did not file a response, and instead filed a Motion [for] Request [of] Proof of Parcel of the Defendant and Restitution of Cost" (ECF No. 17), again

[1] Judge Lenihan recused from all of the cases filed by Mr. Martinez following his filing of a complaint against Judge Lenihan at Civil Action No. 23-1405.

asserting that Judge Feliciani failed to send the Motion to Dismiss to the correct address and requesting travel costs for having to drive to this District to file documents. Again, Plaintiff was properly served, and has a copy of the Motion to Dismiss. No sanction for failure to serve is warranted. Further, for the same reasons discussed by Judge Lenihan in her July 6, 2023 Order, Plaintiff is not entitled to travel costs associated with document filing. *See* July 6, 2023 Order ("The Court checked with the Clerk's Office and was advised that Plaintiff was told that he had to file a notice of change of address at each case number and that it had to be in writing; but was also told that it could be mailed, or he could register to e-file. He was never told that he had to come in person."). Plaintiff's Motion at ECF No. 17 is frivolous and meritless, and will be denied on those bases.

Plaintiff was provided with ample opportunity to respond to Judge Feliciani's Motion to Dismiss, and, to date, has still not filed a response. Accordingly, the Court will consider the merits of Judge Feliciani's Motion to Dismiss without the benefit of a response. *See Miller v. Goggin*, No. CV 22-3329-KSM, 2023 WL 3259468, at *3 (E.D. Pa. May 4, 2023) (explaining that, in the Third Circuit, "it is preferred that a district court undertake a merits analysis of the complaint, even if a plaintiff has failed to respond to a motion to dismiss.").

Plaintiff attempts to bring claims against Judge Feliciani pursuant to 42 U.S.C. § 1983 and 18 U.S.C. § 241.[2] In the Complaint, as well as several of his other actions, Plaintiff alleges that certain individuals, including Judge Feliciani, employees of the Pennsylvania State Police ("PSP"), employees of the Derry Area School District (the "District"), employees of the Derry Police

---

[2] To the extent Plaintiff attempts to assert a claim pursuant to the federal criminal code, there is no private right of action under Section 241. *See Walthour v. Herron*, No. CIV.A.10-01495, 2010 WL 1877704, at *3 (E.D. Pa. May 6, 2010) ("In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951. These statutes do not provide a private right of action under which Plaintiff may sue." (citation omitted)).

Department ("DPD"), Attorney Ned Nakles, Westmoreland County Assistant District Attorneys Peter Flannigan and Anthony Iannamoreilli, and employees of the Superior Court of Pennsylvania participated in a conspiracy to deprive plaintiff of his rights under the United States Constitution. ECF No. 5 at 2-3. He alleges that Judge Feliciani also individually violated Plaintiff's rights. *Id.* at 35. Plaintiff takes issue with events that he alleges took place during the course of his criminal case before Judge Felciani in the Westmoreland County Court of Common Pleas involving charges for criminal trespass, disorderly conduct, and resisting arrest.[3] *Id.* at 12. As noted, these charges resulted from Plaintiff's attempts to protest against "bullying" on or near District property on November 7, 2019. Plaintiff asserts that he believes that his First Amendment right to protest and his Fourteenth Amendment right to equal protection of the laws were violated during the course of Plaintiff's protest, arrest, and subsequent legal proceedings. *Id.* at 17-19. While the Court is required to liberally construe Plaintiff's pleadings, the Court notes that Plaintiff's forty-one-page Complaint is not broken into numbered paragraphs, frequently jumps from topic to topic, and certainly fails to concisely state the factual bases supporting his claims. The same results in a complaint that is, respectfully, difficult to follow at times, if not unintelligible. That said, the Court outlines the relevant allegations in the Complaint as follows:

Judge Feliciani informed Plaintiff in November of 2020 that "things in court were going to be done 'the hard way.'" ECF No. 5 at 3. Plaintiff asserts that Judge Feliciani "kept his word" to do things the "hard way" by twice placing Plaintiff on house arrest while Plaintiff's case was pending. *Id.* at 7. Plaintiff further asserts that certain transcripts of the proceedings in his criminal case failed to accurately reflect what was stated during those hearings, and alleges that Judge Feliciani tampered with those transcripts. *Id.* at 3-4; 6. Plaintiff argues that, in directing Plaintiff

---

[3] Plaintiff alleges that he was found guilty of multiple disorderly conduct charges, and that he was acquitted of the criminal trespassing and resisting arrest charges. ECF No. 5 at 20-21.

to pursue habeas corpus relief with respect to a November 7, 2019 video and audio recording of certain PSP, DPD, and District employees discussing Plaintiff's protest and the permissible geographic limit of Plaintiff's protest, as opposed to simply dismissing Plaintiff's case, Judge Feliciani conspired with the individuals depicted in the video to deprive Plaintiff of his rights under the Constitution. *Id.* at 4-5. Plaintiff filed a motion in his criminal case to address what he perceived to be a conspiracy against him, and asserts that said motion was never addressed by Judge Feliciani. *Id.* at 6.

During the course of his criminal case, Plaintiff asked Judge Feliciani to find ADA Flannigan incompetent. *Id.* at 7-8. Judge Feliciani did not do so, and instead threatened to hold Plaintiff in contempt unless Plaintiff could proffer evidence of ADA Flannigan's incompetence. *Id*. During a hearing related to accusations that Plaintiff had threatened police officers and where Plaintiff was eventually subjected to house arrest and mental health evaluations and treatment, as opposed to jail, Judge Feliciani "mocked" and "blamed" Plaintiff, and again encouraged Plaintiff to file a habeas corpus motion. *Id.* at 8-9. Plaintiff eventually was assigned a public defender, who filed a habeas corpus motion. *Id.* at 9-10. Plaintiff further asserts that, during a separate hearing, Judge Feliciani cross-examined a PSP trooper and improperly led the trooper. Plaintiff also alleges that Judge Feliciani cross-examined Plaintiff's wife during that hearing and, in doing so, insinuated that Plaintiff had committed a crime by making modifications to a vehicle owned by Plaintiff or Plaintiff's wife. *Id.* at 10-11.

Plaintiff asserts that Judge Feliciani erred in denying Plaintiff's motion for habeas corpus. ECF No. 5 at 12. Plaintiff subsequently requested that Judge Feliciani recuse himself from Plaintiff's case after this ruling, and Judge Feliciani declined to recuse. *Id*. Plaintiff avers that Judge Feliciani maintained personal bias against the Plaintiff as a result of their interactions. *Id.*

at 13. Plaintiff takes issue with Judge Feliciani's jury instructions and his response to a question posed by the jury in the criminal case. Plaintiff alleges Judge Feliciani conspired with ADA Iannamoreilli in crafting a response to that question. *Id.* at 13-15. He further argues that the prosecutors failed to introduce sufficient evidence to support the charge of disorderly conduct because the Plaintiff has a right under the First Amendment to protest. *Id.* at 19-20.

Plaintiff next asserts that Judge Feliciani conspired with PSP Corporal Judson Shephard. *Id.* at 20. The basis for this assertion seems to be that Corporal Shepard did not accurately report the events leading to Plaintiff's resisting arrest charge. *Id.* Plaintiff argues that, following a guilty verdict on Plaintiff's misdemeanor disorderly conduct charge, Judge Feliciani further conspired against Plaintiff by finding him guilty as a matter of law on a summary disorderly conduct charge. *Id.* at 21.

Plaintiff argues that Judge Feliciani interfered with Plaintiff's appeal to the Superior Court of Pennsylvania by filing opinions that explained that Plaintiff is not an attorney and cannot provide legal advice to others. ECF No. 5 at 25-26. Plaintiff further avers that Superior Court Deputy Prothonotary Bobbi Jo Wagner participated in the alleged conspiracy by directing Judge Feliciani to conduct a *Grazier* hearing with Plaintiff and by issuing an order for Plaintiff to show cause as to why his appeal should not be quashed for failure to appeal a final order.[4] *Id.* at 24-25. Plaintiff further argues that Deputy Prothonotary Wagner conspired against him by failing to find that Plaintiff showed "extraordinary circumstances" justifying an interlocutory appeal. *Id.* at 27. Plaintiff asserts that he is no longer employed because of stress, undiagnosed post-traumatic stress disorder, and his criminal record, each of which he avers resulted from the conspiracy against him. *Id.* at 31. He further asserts that his Sixth Amendment speedy trial rights were violated during the

[4] Plaintiff had not been sentenced at the time he had filed his appeal. ECF No. 5 at 28.

course of his criminal case. *Id.* at 32. Plaintiff seeks injunctive relief requiring Judge Feliciani to recuse from Plaintiff's criminal case, an order staying the case, and the appointment of a new judge. *Id.* at 41. He also seeks costs and whatever declaratory relief the Court deems appropriate. *Id.* at 40.

Judge Feliciani asserts that, because Plaintiff's claims arise out of Judge Feliciani's actions in his role as the presiding judge in Plaintiff's criminal case, Plaintiff's claims are barred by judicial immunity and Eleventh Amendment immunity. Mot. ¶¶ 1-2, ECF No. 7. More specifically, he provides:

> Martinez only cites facts that show Judge Feliciani acted solely in a judicial capacity in that matter. For example, Martinez cites extensively to specific rulings by Judge Feliciani in that case. He contends, in summary, that Judge Feliciani's rulings and opinions were erroneous and solely done to aid and abet the prosecution of his criminal matter.

Br. in Supp. 1-2, ECF No. 8. The Court agrees with Judge Feliciani, and the Motion to Dismiss will be granted. Because the Court finds that amendment would be futile, Plaintiff's Complaint will be dismissed with prejudice.

## II. Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A

"formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

"If a plaintiff requests leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed" in a civil rights case, a court must permit amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This is also true where a plaintiff does not request leave to amend. *See Grayson*, 293 F.3d at 108 ("When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile.").

The Court again notes that Plaintiff is proceeding pro se and, as such, he is entitled to liberal construction of his submissions in federal court. This means that the Court must liberally construe the factual allegations of the complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Further, pro se litigants are not free to ignore

the Federal Rules of Civil Procedure. *Pruden v. Long,* Civ. A. No. 3:CV-06-2007, 2006 WL 3325439, *1 (M.D. Pa. Oct. 24, 2006).

**III. Discussion**

The Court believes that the legal insufficiency of Plaintiff's Complaint is most readily apparent in this closing paragraph on page 39:

> The PLAINTIFF offers that the [t]he weight and sufficiency of the Evidence and the Transcripts will show the truth that the PLAINTIFF is not guilty of disorderly conduct while exercising The PLAINTIFF['s] federally protected right to peacefully protest on November the 7th of 2019 as well as turning in complaints against the Pennsylvania State Police at Kiski Valley Barracks on November the 19th of 2019 as ordered /instructed by arresting officer Corporal Judson Shephard.

ECF No. 5 at 39. This paragraph indicates that what Plaintiff truly takes issue with by way of his Complaint is: (1) Judge Feliciani's failure to dismiss the charges against Plaintiff based upon a purported lack of evidence and based upon Plaintiff's belief that his activity was Constitutionally protected; (2) Judge Feliciani's instructions to the jury and response to a jury question; and (3) the jury's return of a verdict against Plaintiff on what Plaintiff believes constituted insufficient evidence. These issues are for the Superior Court of Pennsylvania on direct review, not this Court on a Section 1983 claim.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "[I]n order to properly plead a Section 1983 claim, Plaintiff must allege (1) conduct by a person, (2) who acted under color of state law, (3) which caused a deprivation of a

federally protected right." *Walthour*, 2010 WL 1877704, at *3 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Judge Feliciani is entitled to judicial immunity with respect to Plaintiff's claims for damages and injunctive relief. "A judge is immune from liability for all actions taken in his judicial capacity, unless such action is taken in the absence of all jurisdiction." S*alley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77, 81 (3d Cir. 2014). The United States District Court for the District of New Jersey has explained:

> "It is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir.2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

*Bradley v. Connor*, No. CIV. 13-4099 JBS, 2014 WL 1404581, at *2 (D.N.J. Apr. 10, 2014); *see also Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) ("In 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" (quoting 42 U.S.C. § 1983)). The Supreme Court of Pennsylvania has explained:

> Judicial immunity rests upon a recognition of the necessity of preserving an independent judiciary, and reflects a belief that judges should not be hampered by fear of vexatious suits and personal liability. It also reflects a view that it would be unfair to expose judges to the dilemma of being required to render judgments while at the same time holding them accountable to the judgment of others. As stated in *Stump v. Sparkman,* 435 U.S. 349, 363, 98 S.Ct. 1099, 1108, 55 L.Ed.2d 331, 343 (1978) (quoting *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872)), "the doctrine of judicial immunity is thought to be in the best interests of 'the proper administration of justice . . . [, for it allows] a judicial officer, in exercising the authority vested in him [to] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *See also Binder v. Triangle*

> *Publications, Inc.,* 442 Pa. 319, 323-24, 275 A.2d 53, 56 (1971) ("The reasons for the absolute privilege are well recognized. A judge must be free to administer the law without fear of consequences.

*Matter of XYP*, 567 A.2d 1036, 1039 (Pa. 1989).

The Court finds that, in addressing evidentiary, instructions/voir dire/verdict slip, and motions-related issues in Plaintiff's criminal case, Judge Feliciani was clearly acting in his judicial capacity as the judge assigned to Plaintiff's case. Judge Feliciani, as a judge for the Westmoreland County Court of Common Pleas, also had unlimited original jurisdiction over Plaintiff's criminal case. 42 Pa.C.S.A § 931. While Plaintiff may disagree with Judge Feliciani's rulings, his recourse is not a Section 1983 claim, but rather a direct appeal before the Superior Court of Pennsylvania. Judge Feliciani is immune from suit related to allegations set forth in Plaintiff's Complaint, and the Motion to Dismiss will be granted on that basis.

With respect to any claim for declaratory relief, the Court would be required to abstain from hearing such claims under both the *Younger* abstention doctrine and *Rooker/Feldman* abstention doctrine. "[O]ngoing state criminal prosecutions fall within the confines of *Younger* abstention and should be resolved in the jurisdiction in which they emanated—the state courts." *Solid Rock Baptist Church v. Murphy*, 555 F. Supp. 3d 53, 62 (D.N.J. 2021), *aff'd sub nom. Clark v. Governor of New Jersey*, 53 F.4th 769 (3d Cir. 2022). For *Younger* abstention to apply, the underlying matter must be (1) "judicial in nature"; (2) "implicate important state interests"; and (3) "afford an adequate opportunity to raise federal claims." *Id.* (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). "[I]n any case where there are ongoing state judicial proceedings, those proceedings implicate important state interests, including the state's interest in holding accused defendants to account for their alleged criminal deeds, and the state proceedings provide an adequate opportunity to raise federal claims, *Younger* prevents this Court from hearing claims

which would require interference into those proceedings." *Alexander v. New Jersey*, No. CV 20-14809 (CCC), 2021 WL 100226, at *2 (D.N.J. Jan. 8, 2021). Under the *Rooker/Feldman* abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

The case before Judge Feliciani, and now the Superior Court, is clearly judicial in nature, and implicates state interests in holding accused defendants accountable for crimes. Each of Plaintiff's claims at issue in this case can be presented to and considered by the state courts, including both trial and appellate courts. *See McKnight v. Bishop*, No. 3:CV-14-603, 2014 WL 1338076, at *2 (M.D. Pa. Apr. 3, 2014) ("[P]ending petition does not set forth any facts which could suggest that he cannot litigate the merits of his present allegations in his ongoing state criminal proceeding, or thereafter (if necessary) raise those claims before the Pennsylvania state appellate courts."). Plaintiff's requested relief for declaratory and injunctive relief asks this Court to interfere with ongoing state court matters or otherwise asks the Court to conduct appellate review of the judgment in Plaintiff's criminal case. No exception applies, and the Court must abstain from hearing any such claims under *Younger* and *Rooker/Feldman*.[5]

The Court further notes that Plaintiff fails in any regard to allege concrete, non-conclusory facts that could possibly support his allegations of a conspiracy to violate his rights under the Constitution. To state a Section 1983 claims for conspiracy:

> [A] plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.,* 972 F.2d 1364, 1377 (3d Cir. 1992); *Rose v. Bartle,* 871 F.2d 331, 366 (3d Cir.1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following:

[5] Plaintiff's claims are also barred by *Heck v. Humphrey* because he has not alleged that his conviction was reversed, invalidated, or nullified.

> (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch,* 914 F.2d 428, 432 n. 8 (3d Cir.1990).
>
> The essence of a conspiracy is an agreement or concerted action between individuals. *See D.R. by L.R.,* 972 F.2d at 1377. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. *See D .R. by L.R.,* 972 F.2d at 1377; *Rose,* 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann,* 926 F.2d 1396, 1405, n. 16 (3d Cir. 1991).

*Matthews v. Beard*, No. CIV.A. 11-221J, 2012 WL 2192225, at *6 (W.D. Pa. June 14, 2012). While Plaintiff makes consistent reference to a "conspiracy," it is clear that his allegations rely on the assumption that any adverse action taken against him during the course of his arrest and criminal proceedings was the result of conspiracy. "[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting In *re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)). Plaintiff fails to allege facts that plausibly suggest a meeting of the minds, an agreement, or concerted activity by co-conspirators. Rather, he summarily points to aspects of his arrest and criminal prosecution that he takes issue with while labeling every participant as a co-conspirator. Such conclusory averments are far from sufficient to state a claim for conspiracy.

Amendment as to any of Plaintiff's claims would be futile for the reasons stated herein. Plaintiff failed to file a response to the Motion to Dismiss, which, in this Court's estimation, supports a finding that permitting amendment would be futile. It also bears noting that Plaintiff has filed thirteen cases in this District, and has failed to state a claim in any of his actions. In certain of those actions, he was permitted to file amended complaints, and still failed to set forth

allegations to support a single cause of action. The same further suggests to this Court that permitting amendment would be futile, and Plaintiff's Complaint in this matter will thus be dismissed with prejudice.

**IV. Conclusion**

For the reasons discussed above, the Court will grant the Motion to Dismiss. Plaintiff's Complaint will be dismissed with prejudice. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: February 5, 2024

cc: All counsel of record

Justin Juan De La Cruz Martinez
502 N 12th Ave
Albany, IL 61230